Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
8033 Linda Vista Road, Suite 200
San Diego, California 92111
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff David Greenley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Greenley**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Comenity Bank**, a bank,<br><br>Defendant. | Case No. '20CV0095 AJB AGS<br><br>**Complaint**<br><br>Jury Trial Demanded |

# INTRODUCTION

1. Defendant Comenity Bank, ("Defendant" or "Comenity") harassed Plaintiff David Greenley ("Plaintiff") with collection robocalls, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone.

2. Defendant utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights afforded under state and federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of

their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471 (1980).

4. Defendant caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's time, disrupted him at an unreasonable time, and interfered with his ability to otherwise make and receive calls on his cellular telephone.

## JURISDICTION AND VENUE

5. Jurisdiction arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and for its invasions of Plaintiff's privacy in violation of California common law.

7. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant resides within the District and does business here.

## PARTIES

8. Plaintiff is a natural person who currently resides in Southern California and is a third-party to a debt as that term is addressed in 15 U.S.C. § 1692c(b).

9. Plaintiff has suffered a concrete injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

10. Plaintiff is informed and believes, and thereon alleges, that Comenity Bank is a national bank and issuer of consumer revolving debt. Defendant is

headquartered and operates from an address of One Righter Parkway, Suite 100, Wilmington, DE 19803.

11. At all times relevant to this Complaint, Defendant used one or more instrumentalities of interstate commerce, including electronic communication and the mail, to conduct business in the State of California and within this judicial district.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

14. Plaintiff is informed and believes, and thereon alleges all of Defendant's communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

15. Plaintiff is informed and believes, and thereon alleges sometime before January 14, 2019, an individual by the name of Jennifer Hongsakul who is a third-party to this action, incurred a consumer debt for a Victoria's Secret branded credit card issued by Comenity Bank that Defendant later attempted to collect.

16. Plaintiff is informed and believes, and thereon alleges that Ms. Hongsakul is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

17. Plaintiff is informed and believes Ms. Hongsakul incurred a financial obligation to Comenity Bank for a revolving line of credit in the form of a Victoria's Secret consumer credit card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

18. Sometime before January 14, 2019, Ms. Hongsakul failed to make a payment on her financial obligation to Defendant.

19. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt, and within four years immediately preceding the filing of this lawsuit, Defendant and its agents used an automatic telephone dialing system to call Plaintiff's cellular telephone number on numerous occasions in an attempt to collect the payments owed on the debt.

20. Plaintiff received at least two of those automated calls from Defendant on his cellular telephone in January of 2019.

21. On January 14, 2019 at 6:30 a.m. PST Plaintiff received a call on his cellular telephone from Defendant that woke him up.

22. Plaintiff did not answer the call, and the call was forwarded to his voicemail.

23. Plaintiff's cellular telephone voicemail service plays a recorded greeting for callers that would like to leave him a message. In the greeting Plaintiff identifies himself as David and that he is unavailable but to please leave a message.

24. Despite Plaintiff's voicemail greeting playing and identifying the voicemail inbox as belonging to David, Defendant left a voicemail message attempting to collect the alleged debt of Ms. Hongsakul.

25. The voicemail message, portions of which sound previously recorded, is transcribed below in its entirety:

> This urgent message is for Jennifer Hongsakul. Jennifer this is specialist Burgess. I need you to contact my office today to discuss your situation. My number is 18006950978 extension 1227781. This call has been recorded and documented to show that you have been notified.

26. On January 17, 2019 at 6:56 a.m. PST, despite knowing that they were calling the wrong number, Defendant placed a call to Plaintiff's cellular telephone. The call once again woke Plaintiff up. Plaintiff answered the call which listed Defendant's number on his caller ID as 720 456-3684.

27. Upon answering the call, Plaintiff heard a long pause before anyone spoke.

28. Plaintiff instructed Defendant not to call his cellular telephone again.

29. Plaintiff does not have any accounts with Comenity.

30. Plaintiff does not have any relationship with Comenity.

31. Comenity is a stranger to Plaintiff.

32. Comenity has no reason to believe that Plaintiff's cellular telephone number is associated in any way with Ms. Hongsakul.

33. Plaintiff has never given Comenity permission to call him on his cellular telephone.

34. Despite having never given Comenity permission to call him on his cellular telephone, he received numerous ATDS calls from Comenity.

35. Defendant has no reason to believe that it was convenient for Plaintiff to receive calls on his cellular telephone at 6:30 a.m. PST and 6:56 a.m. PST.

36. Plaintiff became frustrated and upset upon learning that Comenity had woken him up from his sleep and disrupted his early morning at an unreasonable time in an attempt to collect a debt from a third-party and for a debt that he was in no way obligated to pay.

37. Defendant's conduct not only woke him up disrupting Plaintiff's sleep and morning on two separate occasions but also wasted Plaintiff's time in investigating what the call was about.

### *Telephone Consumer Protection Act*

38. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

39. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

40. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

41. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

42. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

43. An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

44. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

45. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (XXX) XXX-7626 that is assigned to a service for which Plaintiff is charged for calls.

46. At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

47. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number in an effort to collect a debt multiple times.

48. Plaintiff never expressly consented to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

49. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

50. Defendant made these unwanted automated phone calls to Plaintiff's cellular telephone number in violation of the TCPA.

51. These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cellular telephone was unavailable for legitimate use during the unwanted calls, the calls harassed and annoyed him, and some of the calls were received at an unreasonable time.

52. Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

Complaint—7

53. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

54. Defendant willfully or knowingly violated the TCPA by calling Plaintiff's cell phone despite knowing that they were calling Plaintiff and not Ms. Hongsakul and having no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

55. The FCC has issued an order that states:
> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

56. The repeated autodialed collection calls of Defendant and its agents to Plaintiff's cell phone also unreasonably invaded Plaintiff's right to privacy in his home, in violation of California law.

57. It was highly offensive for Defendant to call Plaintiff on his cell phone numerous times, for a debt he is not in any way obligated to pay, by a business that is a stranger to him, and at a times of the day that were disruptive and unreasonable.

58. Upon good faith information and belief, Plaintiff alleges that Defendant used an automated telephone dialing system to call his cellular telephone in violation of the TCPA, because, when answered, the calls involved a

long pause or delay before speaking with a live employee of Defendant. Portions of the voicemail Defendant left also sounded prerecorded.

59.   Defendant has been sued numerous times in the past for its use of automated telephone dialing equipment on customers' cellular telephones.

### *Rosenthal Fair Debt Collection Practices Act*

60.   California's Rosenthal Fair Debt Collection Practices Act has adopted the acceptable standards of debt collection conduct for original creditors such as Defendant, Cal. Civ. Code § 1788, and has incorporated the standards under the federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*., by reference.

61.   15 U.S.C § 1692c(a)(1), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17, prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is between 8:00 a.m. and 9:00 p.m., local time at the consumer's location.

62.   Defendant's call to Plaintiff's cellular telephone on January 14, 2019 at 6:30 a.m. PST violated 15 U.S.C § 1692c(a)(1).

63.   Defendant's call to Plaintiff's cellular telephone on January 17, 2019 at 6:56 a.m. PST violated 15 U.S.C § 1692c(a)(1).

64.   By violating 15 U.S.C § 1692c(a)(1), each of Defendant's calls violated Cal. Civ. Code § 1788.17.

65.   15 U.S.C. § 1692d(6) which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17, prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

66. Similarly, Cal. Civ. Code § 1788.11(b) prohibits the placement of telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify herself by using her registered alias name as long as she correctly identifies the agency she represents.

67. In the voicemail message Defendant left for Plaintiff on January 14, 2019, Defendant's agent Ms. Burgess failed to identify the name of the agency she represents, leaving no meaningful disclosure of the caller's identity. Accordingly, Defendant's conduct violates 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b).

68. Defendant's failure to disclose their identity in the message wasted Plaintiff's time. Upon listening to the message Plaintiff had no idea who the caller was. Plaintiff had to take time out of his day to search his phone, and the internet to discover the true identity of the caller as well as the purpose of the call.

69. The voicemail message Defendant left on Plaintiff's cellular telephone violated 15 U.S.C. §§ 1692d(6), and Cal Civ. Code § 1788.11(b).

70. By violating 15 U.S.C. §§ 1692d(6) Defendant's conduct violated Cal. Civ. Code § 1788.17.

71. Defendant's collection conduct with respect to Plaintiff in illegally collecting a debt, namely by placing calls in violation of the TCPA, is an otherwise unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA.

72. The natural consequence of Defendant placing numerous illegal ATDS calls to Plaintiff's cellular telephone, despite not having any basis to believe they had his consent to do so and despite knowing that they were calling the wrong individual, was to annoy, harass, oppress, or abuse Plaintiff and therefore Defendant violated 15 U.S.C §§ 1692d and 1692d(5).

73. By violating 15 U.S.C §§ 1692f, 1692d, and 1692d(5), Defendant's actions also violated Cal. Civ. Code § 1788.17.

*Summary*

74. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, RFDCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

75. Defendant's autodialed calls eliminated Plaintiff's right to be left alone.

76. Defendant's autodialed collection calls disrupted Plaintiff's privacy, frustrated and annoyed Plaintiff.

77. These autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home.

78. By autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq*.**

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Within the four-year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

81. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

82. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

83. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

84. Defendant made these calls to Plaintiff's cell phone willfully having no reasonable basis to believe that Plaintiff was in any way associated with the debt and despite knowing they were calling the wrong person.

85. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

86. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

87. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## COUNT II.
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE §§ 1788-1788.32

88. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

89. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

90. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

91. As a result of Defendant's violations of the Cal. Civ. Code § 1788.17, Plaintiff is entitled to the remedies in 15 U.S.C. § 1692k, including any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

92. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

93. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

94. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

95. The Court of Appeals for the 8th Circuit has held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

96. California has also recognized the right of privacy.

97. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

98. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, despite not having any reasonable basis to believe that he was in any way associated with the debt, despite knowing that they were calling the wrong person, and by calling him at unreasonably early times of the day which woke him up on two separate occasions.

99. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

100. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Defendant in an amount to be determined at trial.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

a) for an award of $500.00 in statutory damages, for each and every one of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

b) for an award of $1,500.00 in treble damages, for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

c) for an injunction prohibiting Defendant from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

### COUNT II.
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE §§ 1788-1788.32.

d) an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

e) an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

f) an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

g) an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;

h) an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;

i) an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant;

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

j) for an award of actual and compensatory damages from Defendant pursuant to California law for its invasion of Plaintiff's privacy in an amount to be determined at trial.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   January 13, 2020.        Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff